**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KAREEM HOLLOWAY,
ADC #111757**                                                                               **PLAINTIFF**

**V.**                            **No. 5:12CV00128 DPM-BD**

**LARRY NORRIS,** *et al.*                                                       **DEFENDANTS**

## RECOMMENDED DISPOSITION

I.      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.     Background:

Plaintiff Kareem Holloway, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983.  (Docket entry #2)  In his Complaint, Mr. Holloway alleged that in August 2009, ADC officers performed a search at the East Arkansas Regional Unit and discovered a cellular telephone.  It is undisputed that after the discovery of the telephone, Mr. Holloway was placed in punitive isolation pending an investigation and was later found not guilty of the charges.  On September 10, 2009, Mr. Holloway was released from punitive isolation and assigned to administrative segregation.

In his Complaint, he alleged that he has remained housed in administrative segregation without having been afforded meaningful reviews of his housing assignment as required by the due process clause of the United States Constitution.  In addition, Mr. Holloway claimed that Defendant Outlaw retaliated against him for filing grievances; Defendant Jackson acted with deliberate indifference to his mental health needs; Defendants Outlaw, Ball, and Harmon discriminated against him; and Defendant Harmon violated ADC policy by failing to timely respond to his disciplinary appeals.

The Court has already dismissed a number of Mr. Holloway's claims, including all claims against Defendants Norris, Hobbs, May, Burl, Andrews, Kelley, Payne, Wright, Minor, Gay, and Perry. (#53) Remaining Defendants Harmon, Ball, Outlaw, Jackson, Green, Westbrook, and McKinney first moved for summary judgment on March 29, 2013. (#61) Based on the evidence submitted in support of that motion, the Court recommended that the motion be GRANTED in part, and DENIED in part. (#75)

The Defendants objected to the recommendation and filed evidence that was not offered in support of their motion. (#76, #77, #79) In light of the additional evidence presented, Judge Marshall declined to adopt the recommendation. (#80) The parties were then afforded additional time to file dispositive motions. (#81)

The remaining Defendants have now filed a supplemental brief along with additional evidence. (#82) Mr. Holloway was given an opportunity to respond to the new evidence, but he has not done so. The time for responding has passed. (#83)

Based on the evidence currently in the record, the Court recommends that the Defendants' motion for summary judgment (#61) be GRANTED, and that Mr. Holloway's remaining claims be DISMISSED.

The Defendants previously filed a motion to deem the facts contained in their statement of undisputed facts admitted. (#69) Mr. Holloway responded to that motion. (#71) Based on Mr. Holloway's response, that motion (#69) should be DENIED, as moot.

**III.    Analysis:**

    **A.    Exhaustion of Administrative Remedies**

Prisoners must exhaust "such administrative remedies as are available" before filing a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997(e); see also *Booth v. Churner,* 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). An "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001). If exhaustion is not complete at the time the lawsuit is filed, the Court must dismiss all claims that were not fully exhausted as of the date the lawsuit was filed. *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003).

The undisputed evidence shows that Mr. Holloway filed seven grievances related to the claims raised in this lawsuit, although Mr. Holloway's Complaint refers only five relevant grievances. (#62 at pp.5-6; #82 at pp.3-4) In their various briefs in support of summary judgment, the Defendants discuss the contents of those five grievances, as well as the administrative history for each: EAM 09-1945, EAM 09-1966, EAM 09-2046, EAM 09-2047, EAM 09-2184. Defendants correctly note that Mr. Holloway did not fully exhaust grievances EAM 09-1945, EAM 09-1966, EAM 09-2047, or EAM 09-2184. (#61-12 at pp.1-4, 9-10; #82-3 at pp.1-2) It is undisputed that Mr. Holloway submitted two grievances after he was assigned to administrative segregation: grievances EAM 12-1566 and EAM 12-1574. (#82 at pp.3-4; #82-1 at pp.3-5) Those two grievances,

however, were not fully exhausted until after Mr. Holloway had filed this lawsuit. (#61-12 at pp.13, 18; #82 at pp.3-4) Thus, the only fully exhausted grievance relevant to the claims in this lawsuit is EAM 09-2046.

In grievance EAM 09-2046, Mr. Holloway identified Defendants Harmon, Ball, and Outlaw, complaining about the disciplinary investigation and his placement in punitive isolation. (#82-6 at p.1) It was submitted prior to his placement in administrative segregation. (*Id.*) Mr. Holloway fully exhausted his claim that his placement in punitive isolation violated his due process rights and that the Defendants failed to follow ADC policy, but he did not exhaust claims raised in this lawsuit.

Defendants have now submitted the affidavit of Barbara Williams, the ADC Inmate Grievance Coordinator. (#82-3) Ms. Williams testifies that the seven grievances listed above were, in fact, the only grievances Mr. Holloway submitted relating to the issues in this lawsuit. (*Id.*) Mr. Holloway has not come forward with any evidence showing either that he fully exhausted his administrative remedies or that he was prevented from exhausting his claims regarding periodic, meaningful reviews while housed in administrative segregation; deliberate indifference to his medical needs; or retaliation. Because those claims were not exhausted, they should be dismissed, without prejudice.

### B. Due Process - Placement in Punitive Isolation

Mr. Holloway claims a due process violation in that he was not given a hearing before he was initially placed in punitive isolation. His placement in punitive isolation for thirty days, however, did not raise a due process issue. Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the due process clause. *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

Accordingly, even though Mr. Holloway's disciplinary was ultimately dismissed, the temporary change in his conditions of confinement cannot support a due process claim. Therefore, this claim should be dismissed, with prejudice.[1]

---

[1] To the extent that Mr. Holloway claims that the Defendants violated his constitutional rights by failing to follow ADC policy or procedures, this claim also fails. It is settled law that the failure to follow prison policy or protocol falls short of stating a constitutional claim. See *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

## IV.     Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#61) be GRANTED.  Mr. Holloway's claim that Defendants failed to provide him periodic, meaningful reviews, as well as his deliberate-indifference and retaliation claims, should be DISMISSED, without prejudice.  The claim that his placement in punitive isolation violated his due process rights, and the claim that the Defendants failed to follow ADC policy should be DISMISSED, with prejudice.  Further, the Defendants' motion for the Court to deem the facts contained in their statement of undisputed facts (#69) should be DENIED, as moot.

DATED this 3rd day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE